**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **COMPASS BANK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:10-cv-137** |
| | § | |
| **VEY FINANCE, LLC,** | § | |
| **CARLOS E. VEYTIA, and** | § | |
| **VERONICA L. VEYTIA,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Comes now Compass Bank, f/k/a State National Bank ("Compass Bank"), Plaintiff, and files this Original Complaint against Vey Finance, LLC, a Texas Limited Liability Company ("**Vey Finance**"), Carlos E. Veytia, individually, and Veronica L. Veytia, individually, (collectively, "**Defendants**"), and would respectfully show the Court as follows:

### I. PARTIES

1.      Plaintiff Compass Bank is a corporation that is incorporated in the State of Alabama and has its principal place of business in Birmingham, Alabama.  Plaintiff Compass Bank is also the successor-in-interest to State National Bank.  Throughout this Complaint, the term "Plaintiff" includes Compass Bank and Compass Bank as the successor-in-interest to State National Bank.

2.      Defendant Vey Finance is a Texas limited liability company with its principal place of business in El Paso County, Texas, and may be served with process by serving its

Member and Registered Agent, Carlos E. Veytia, at its principal place of business at 7362 Remcon Circle, El Paso, El Paso County, Texas 79932.

3.      Defendant Carlos E. Veytia is an individual residing in El Paso County, Texas, and may be served with process by serving him at his residence at 500 Crown Point Drive, El Paso, El Paso County, Texas 79912.

4.      Defendant Veronica L. Veytia is an individual residing in El Paso County, Texas, and may be served with process by serving her at her residence at 500 Crown Point Drive, El Paso, El Paso County, Texas 79912.

## II.  JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction over this action under 28 U.S.C. §1332 because every Defendant is a citizen either of a foreign state, or of a different state than Plaintiff, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendants because they are doing business and have purposefully directed the activities complained of herein in this District. Venue is proper in this District pursuant to 28 U.S.C. §1391(a), since all Defendants reside in this District.

## III.  FACTUAL BACKGROUND

### A.      Background

7.      Among other businesses, from at least 2004 through at least 2009, Vey Finance was engaged in a secondary mortgage finance business.  In the course of that business, Vey Finance made mortgage loans to third party borrowers secured by the real estate.  Most of these

third party borrowers would not have been qualified to obtain traditional bank financing for their mortgages.

8.      To finance the mortgage loans to these third party borrowers, Vey Finance often obtained financing for each loan in its own name from Plaintiff, using its secured real estate mortgages with the third party borrowers as collateral to secure the loans from Plaintiff.

9.      Over the course of several years, Vey Finance amassed several millions of dollars in debts to Plaintiff through these loans.

10.     The loan officer who worked with Vey Finance was David Peterson ("**Peterson**"). Peterson was discharged from his employment at Compass Bank in August 2008.

11.     Vey Finance maintains that from November 2006 through November 2007 Peterson took money from its accounts without authorization, though Vey Finance apparently did not complain about these transactions until late 2008.   It appears that approximately $163,000 was transferred by Peterson to Brute Force Entertainment ("**Brute Force**"), an entity set up at Peterson's direction.

12.     Peterson also transferred money from the Vey Finance accounts to accounts held by entities called Ocho Finance, LLC ("**Ocho**") and OMC Services, LP ("**OMC Services**"). Vey Finance was a 50% member of Ocho.  The other member was Octavio Maese ("**Maese**"). On information and belief, Maese is Carlos Veytia's cousin.  The general partner of OMC Services was OMC Logistics, LP, another entity owned or controlled by Maese.

13.     Vey Finance claims that transfers to Ocho Finance and OMC Services were unauthorized; however, based on the year-long delay before Vey Finance complained about the transfers and other issues (including the familial and business relationships between Vey Finance, Carlos Veytia, Ocho Finance, and Maese), that claim is in dispute.

14.     Compass Bank does not dispute that Vey Finance should receive credit for any actual unauthorized transfers; however, Vey Finance has used these actions as grounds for not repaying its multi-million dollar debt to Compass.  Vey Finance's multi-million dollar unpaid debt to Compass Bank dwarfs the amount of the allegedly unauthorized transfers from Vey Finance's account.

B.     **Vey Finance's Unpaid and Overdue Loans**

    1.     **The Consolidated Loan ($5,410,296.00)**

15.     In January 2009, several months after Peterson was discharged from his employment, Plaintiff and Vey Finance agreed to consolidate multiple smaller loans into a single loan to Vey Finance, LLC, in the amount of $5,410,296.00 (Loan Number xxxx6110,[1] the "**Consolidated Loan**").  The Consolidated Loan is secured by Vey Finance's interest in twenty-four (24) promissory notes and deed of trust liens which arise out of loans made by Vey Finance to third party borrowers.

16.     Carlos Veytia and Veronica Veytia each personally guaranteed repayment of the Consolidated Loan.

17.     The Consolidated Loan contemplated interest-only payments for three (3) months, with thirty-five (35) subsequent monthly installment payments and a final balloon payment. By a May 2009 Note Modification and Extension Agreement, the interest-only payments were extended through July, and thirty-two (32) monthly installment payments were supposed to begin in August 2009.

18.     Vey Finance failed to make the August 22, 2009 payment on the Consolidated Loan and, since that time, has failed to make any payments whatsoever.

---

[1]     Loan numbers are redacted to include only the last four digits of the account number in compliance with Federal Rule of Civil Procedure 5.2(a)(4).

19.     Failure to make timely payments constitutes an event of default and renders the full unpaid principal amount of the loan (plus interest, fees, and attorneys' fees incurred in collecting on the loan) immediately due and payable.  Pursuant to the express terms of the loan documents, in the event of payment default, Defendants waived any requirement for notice before acceleration of the loan.

**2.      The Chappel Downs Loans**

20.     In April 2006, Vey Finance executed a promissory note in the principal amount of $408,881.00, payable to the order of Compass Bank, in order to provide secondary financing to C&D Management L.L.C. for the purchase of certain real property located on Churchill Downs Drive in Dallas County, Texas (Loan Number xxxx9168, the "**First Chappel Downs Loan**").

21.     Carlos Veytia and Veronica Veytia each personally guaranteed repayment of the First Chappel Downs Loan.

22.     In January 2008, Vey Finance executed a promissory note in the principal amount of $1,000,000.00, payable to the order of Compass Bank, the terms of which provided for a revolving line of credit up to the above-referenced amount secured by a first lien on the Chappel Downs property (Loan Number xxxx6094, the "**Second Chappel Downs Loan**").

23.     Vey Finance was supposed to use the funds from the Second Chappel Downs Loan to repay the First Chappel Downs Loan; however, Vey Finance did not pay off the First Chappel Downs Loan as agreed.

24.     Vey Finance has defaulted on both the First Chappel Downs Loan and the Second Chappel Downs Loan and has not made a payment since September 21, 2009.

25.     Failure to make timely payments constitutes an event of default and renders the full unpaid principal amount of both loans (plus interest, fees, and attorneys' fees incurred in

collecting on the loan) immediately due and payable. Pursuant to the express terms of the loan documents, in the event of payment default, Defendants waived any requirement for notice before acceleration of the loan.

**3.** **The Guidance Line Loan**

26. In July 2007, Vey Finance executed a promissory note in the principal amount of $842,000.00, payable to the order of Compass Bank, in order to provide secondary financing to Sandoval Real Estate Development, LLC for the purchase of certain real property in El Paso County, Texas (Loan Number xxxx0116, the "**Guidance Line Loan**").

27. Vey Finance has defaulted on the Guidance Line Loan and has not made a payment since September 21, 2009.

28. Failure to make timely payments constitutes an event of default and renders the full unpaid principal amount of the loan (plus interest, fees, and attorneys' fees incurred in collecting on the loan) immediately due and payable. Pursuant to the express terms of the loan documents, in the event of payment default, Defendants waived any requirement for notice before acceleration of the loan.

**C.** **Additional Defaults**

29. Vey Finance is in default on each of the loans listed above because it has failed to pay principal and interest when due on each note.

30. Vey Finance is also in default on each of the loans listed above because of defaults other than defaults due to failure to pay principal and interest when due. Vey Finance's defaults due to events other than its payment defaults include, but are not necessarily limited to, the following defaults:

a.      The failure of Vey Finance, Carlos Veytia, and Veronica Veytia to furnish to Plaintiff year-end financial statements within 30 days of each annual accounting period, including balance sheets, operating statements, surplus reconciliation, and officer's certificate of compliance, as required by paragraph 5.A.1. and 7.B. of the January 22, 2009 Consolidated Loan Agreement;

b.      The failure of Vey Finance, Carlos Veytia, and Veronica Veytia to furnish to Plaintiff monthly borrowing base information showing the detail of all Collateral Notes (Vey Finance's notes from third parties that secure Plaintiff's loans to Vey Finance), current balances, current status (whether paid, past due, in foreclosure, etc.), and loan to value (LTV) ratio calculation on the loan, as required by paragraph 5.A.2 and 7.B. of the January 22, 2009 Consolidated Loan Agreement and paragraph B.6 of the January 22, 2009 Consolidated Loan Collateral Transfer of Notes and Liens.

c.      Vey Finance's failure to permit Compass Bank to visit and inspect Vey Finance's books and records at reasonable times and as often as Compass Bank may desire, as required by paragraph 5.A. and 7.B. of the January 22, 2009 Consolidated Loan Agreement;

d.      The failure of Vey Finance, Carlos Veytia, and Veronica Veytia to furnish copies of their annual filed federal tax returns within 30 days of filing, or copies of any extension requests, as required by paragraph 5.A.3. and 7.B. of the January 22, 2009 Consolidated Loan Agreement;

e.      The failure of Vey Finance to advise Compass Bank promptly in writing of any condition or event which might materially affect Vey Finance's financial condition or Compass Bank's rights in collateral, as required by paragraph 5.D. and 7.B. of the January 22, 2009 Consolidated Loan Agreement;

f.      Defendants' making representations in Carlos Veytia's and Veronica Veytia's financial statements submitted to Compass Bank that prove to have been incorrect or misleading in material respects when made by the omission from those financial statements of certain assets of Carlos Veytia and Veronica Veytia, as prohibited by paragraph 7.C. and 7.B. of the January 22, 2009 Consolidated Loan Agreement and by all of the Promissory Notes;

g.      Vey Finance's failure to provide Compass Bank with monthly accountings of payments received on the Collateral Notes and current balances of the Collateral Notes, as required by paragraph B.6. of the January 22, 2009 Consolidated Loan Collateral Transfer of Notes and Liens;

h.      On information and belief, Vey Finance's failure to maintain a loan to value (LTV) ratio on the January 22, 2009 Promissory Note at or below 90% as required by paragraphs 9.A., 9.B. and 7.B. of the January 22, 2009 Consolidated Loan Agreement and paragraph D.1.k. of the January 22, 2009 Consolidated Loan Collateral Transfer of Notes and Liens;

i.      Compass Bank's good faith deeming of itself to be insecure in light of the facts discussed above, an event of default under all of the Promissory Notes, paragraph 6 of the January 22, 2009 Promissory Note, and paragraph 7.B. of the January 22, 2009 Consolidated Loan Agreement.

### D.      Defendants' Hiding of Assets

31.    In addition to their defaults on the Promissory Notes and their personal guarantees, Defendants have, on information and belief, engaged in a coordinated effort to hide assets securing the Promissory Notes and to hide their personal assets.  In violation of their loan documents, Defendants have refused to do the following, among other things:  provide Plaintiff

with information regarding the status of the underlying Collateral Notes; provide monthly accountings of payments received on the Collateral Notes and their current balances; and provide documents regarding whether Vey Finance has continued to maintain no more than a 90% loan to value (LTV) ratio on its Promissory Notes.  In addition, the few financial statements that Defendants have provided to Plaintiff have been false or incomplete by the omission of various assets of Vey Finance or the Veytias, including but not necessarily limited to a condominium in Vail, Colorado and land located outside of Dripping Springs, Texas.

**E.      Defendants' Denial of Access to Their Records**

32.      Defendants also have refused to provide Plaintiff with access to their books and records as required by the loan documents.  Defendants have refused to provide Plaintiff with current financial statements showing their financial conditions.  Defendants also have refused to send Plaintiff copies of their most recently filed federal income tax returns or filed extensions if extensions were requested.  Additionally, Defendants have refused to permit Plaintiff to inspect their books and records to determine the status and condition of the Collateral Notes and other assets securing the various Promissory Notes.

33.      All conditions precedent for the bringing of this suit have been performed or have occurred.

## IV.  CLAIMS

### COUNT 1:  BREACH OF CONTRACT / SUIT ON PROMISSORY NOTES

34.      Plaintiff incorporates herein by reference paragraphs 1 through 33 above.

35.      Vey Finance entered into valid and binding Promissory Notes and other loan documents with Plaintiff, either directly or as successor-in-interest to State National Bank.

Defendants Carlos Veytia and Veronica Veytia personally guaranteed the Consolidated Loan and the First and Second Chappel Downs Loans.

36.     Vey Finance is in default of each of the Promissory Notes listed above.

37.     As of April 7, 2010, the full amount currently due on each of the separate loans is as follows:

| | | |
|---|---|---|
| a. | Consolidated Loan: | $ 4,871,427.45 |
| b. | First Chappel Downs Loan: | $ 371,356.28 |
| c. | Second Chappel Downs Loan: | $ 1,028,618.05 |
| d. | Guidance Line Loan: | $ 859,316.97 |

38.     Vey Finance's breaches and defaults have caused Plaintiff to incur damages for which it now sues.

## COUNT 2:  ACTION FOR ACCOUNTING

39.     Plaintiff incorporates herein by reference paragraphs 1 through 33 above.

40.     Vey Finance must provide monthly accountings of payments it has received on the collateral notes that secure the Consolidated Loan.   Specifically, paragraph B.6. of the Consolidated Loan's Collateral Transfer of Notes and Liens states that the Vey Finance agrees to "Provide Secured Party [Plaintiff] with monthly accountings of payments received on the Collateral Notes and current balances of the Collateral Notes."   Similarly, paragraph 5.A.2. of the Consolidated Loan Agreement requires Vey Finance to "furnish to Lender monthly borrowing base showing a detail of all Collateral Notes, current balances, and current status . . . together with a loan to value (LTV) calculation to the Loan."

41.     Plaintiff is entitled to an order requiring Vey Finance to comply with these monthly accounting obligations.

42.     Vey Finance must also provide a yearly accounting.   Among other provisions requiring yearly accounting information from Vey Finance, paragraph 5.A.1. of the Consolidated

Loan Agreement requires Vey Finance to "Furnish to Lender year end financial statements to include balance sheet, operating statement and surplus reconciliation, together with an officer's certificate of compliance with the Agreement including computations of all quantitative covenants within 30 days after the end of each annual accounting period. . . ."

43.     Plaintiff is entitled to an order requiring Vey Finance to comply with its annual accounting obligations.

### COUNT 3:  ATTORNEYS' FEES

44.     Plaintiff incorporates herein by reference paragraphs 1 through 33 above.

45.     Each of the above-referenced Promissory Notes provides that Plaintiff is entitled to recover its attorneys' fees incurred in compelling payment under the Promissory Notes.  By the express terms of each of the contracts at issue, Defendants are entitled to recover the full amount of their reasonable attorneys' fees incurred in prosecuting this suit and on any appeals of this suit.

46.     In addition, Plaintiff is entitled to recover its attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§38.001 et seq.  Defendants' conduct has required Plaintiff to hire the undersigned attorneys to prosecute this suit.  Plaintiff has presented or will present the claims described above to Defendants.   Over 30 days have expired, or will have expired, since presentment of Plaintiff's claims to Defendants, yet Defendants have failed to comply with or honor Plaintiff's claims.   As a result of Defendants' conduct and failure to comply with its contractual obligations, Plaintiff is entitled to recover its reasonable attorneys' fees for prosecuting this suit in the trial court and on any appeals of this suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon hearing and trial, Plaintiff have the following relief:

1.    That Plaintiff recover from Defendants, jointly and severally, all amounts due and owing on each of the loans at issue in this lawsuit;

2.    That the Court issue an order requiring Defendants to comply with their monthly and yearly accounting obligations;

3.    That Plaintiff recover from Defendants, jointly and severally, reasonable attorneys' fees, collection costs and expenses, court costs, pre-judgment interest at the highest lawful or equitable rates, and post-judgment interest at the highest lawful or equitable rate from the date of judgment until paid; and

4.    That Plaintiff recover all further relief, both at law and in equity, to which it may be deemed justly entitled.

Respectfully submitted,


/s/ Barbara Whiten Balliette

**REID DAVIS LLP**
Jason M. Davis
State Bar No. 00793592
jdavis@reiddavis.com
Barbara Whiten Balliette
State Bar No. 00788660
bballiette@reiddavis.com
4301 Westbank Drive
Building B, Suite 230
Austin, Texas 78746
Telephone:  (512) 647-6100
Facsimile:  (512) 647-6129